State *v.* Leapfoot.

---

THE STATE, Plaintiff in Error, *vs.* LEAPFOOT, Defendant in Error.

1. The supreme court will not reverse a judgment in a criminal case for error committed by the inferior court in quashing one count of an indictment, where the record shows that the defendant has been tried and acquitted on the remaining count or counts.

### *Error to Moniteau Circuit Court.*

*Gardenhire,* attorney general, for the State. The second count of the indictment is good, and ought not to have been quashed. It is in the language of the statute, and is as certain as it is. This case comes within the principle of the *States* v. *Ames,* 1 Mo. Rep. 372. *Page* v. *State,* 6 Mo.

State *v*. Leapfoot.

Rep. 205. *Grave* v. *State*, 10 Mo. Rep. 232, and *State* v. *Ladd*, 15 Mo. Rep. 430. The charge of dealing with a slave, without circumstance, is as certain and definite as the charge of betting at a faro bank.

*Parsons*, for defendant in error. 1. It is not sufficient to charge the offence in the words of the statute. The word " dealing" is too latitudinous to inform the defendant what particular violation of law he is called upon to answer. *Page* v. *State*, 6 Mo. Rep. 205–6. *State* v. *Black*, 9 ib. 689. 10 ib. 500. 2. The indictment does not set out the name of the slave, or of the master or owner thereof.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Leapfoot, was indicted by the grand jury at the March term of the Moniteau Circuit Court, in the year 1853, for selling spiritous liquors to a slave, named Dade, belonging to one Jacob C. Longan, without permission in writing from the master, owner or overseer of said slave, &c.

The indictment contained two counts ; the first as above set forth, and the second count charged " that the defendant unlawfully did deal with a slave, to the jurors aforesaid unknown, without the consent, in writing, of the master, owner or overseer of said slave first had and obtained, contrary," &c.

The defendant appeared to this indictment, and moved the court to quash the second count. The court sustained this motion and quashed the second count. The attorney general excepted to this judgment of the court in quashing this count. The defendant then filed his plea of " not guilty" to the remaining count in the indictment, there being but one. Upon this issue he was tried, and the jury found the defendant not guilty. The State brings the case here by writ of error, and complains of the judgment of the court below, in quashing the second count of the indictment.

1. This court will not reverse a judgment in a criminal case, for error committed by the court below, in quashing one count

of an indictment, when the record shows there has been a trial had on the remaining count of the indictment, and a verdict and judgment thereon for the defendant. It will not be necessary, therefore, for us to say any thing, in regard to the second count of this indictment.

The judgment below is affirmed, Judge Scott concurring; Judge Gamble not present.